# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00300-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOSEPH WILBON (01) | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is Petitioner Joseph Wilbon's ("Wilbon") Motion for Compassionate Release (Record Document 115). Wilbon supplemented his motion several times. See Record Documents 133, 134, 140, 141, 142, & 143. Third parties also submitted letters on behalf of Wilbon. See Record Documents 123, 124, & 130. The Government has opposed Wilbon's motion and also filed supplemental authority. See Record Documents 119 & 145. For the reasons set forth below, Wilbon's Motion for Compassionate Release is hereby **DENIED**.

## BACKGROUND

On February 9, 2017, Wilbon and co-defendant Marva Flenory were charged with one count of possession with intent to distribute a controlled substance containing a detectable amount of cocaine, all in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)((1)(C). See Record Document 14. Wilbon plead guilty before Magistrate Judge Kay on July 18, 2018 and such plea was accepted by the undersigned on July 20, 2018. See Record Documents 72, 74, 75, 82, & 84. On January 31, 2019, he was sentenced to 78 months imprisonment. See Record Documents 92, 96, & 97. Wilbon appealed and the judgment of the district court was affirmed. See Record Document 112. He reported to the Bureau of Prisons ("BOP") around March 14, 2019.

See Record Document 92. Wilbon is currently incarcerated at Lewisburg USP. His projected release date is September 11, 2024.

## LAW AND ANALYSIS

Wilbon alleges that he is particularly susceptible to the COVID-19 virus because he suffers from obesity, sleep apnea, and asthma. Wilbon has submitted some medical records to support these medical conditions. See Record Document 133-2.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Wilbon moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the

compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Wilbon has exhausted his administrative remedies under the First Step Act. See Record Document 119-1.

Thus, subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Wilbon's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi

did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary

and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Here, even the Government conceded that Wilbon's obesity is a condition that falls under the increased risk category as defined by the CDC. See Record Document 119 at 8. The Government went on to acknowledge:

> [T]he defendant presents at least one risk factor identified by the CDC as heightening the risk of severe illness or death were the inmate to contract COVID-19, namely obesity. The United States agrees that this chronic condition presents "a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" as stated in § 1B1.13, cmt. n. 1(A)(ii), in that at this time, his ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished within the environment of a correctional facility by the chronic condition itself.

Id. at 9-10. However, in its supplemental briefing in late May 2021, the Government presented evidence that Wilbon commenced his COVID-19 vaccine series on April 28, 2021 and argues he thus can no longer establish an extraordinary and compelling reason for relief. See Record Document 145.

Nonetheless and without ultimately concluding that Wilbon has established an extraordinary and compelling reason, this Court believes granting release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Wilbon's offense disfavor release, as he was trafficking cocaine across the country. Wilbon's criminal history is also lengthy and shows he is a poor candidate for release. According to the Presentence Investigation Report, he has six criminal convictions stemming from drug offenses to burglaries. Wilbon has only served approximately 27 months of his 78 month sentence. A reduced

and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Here, even the Government conceded that Wilbon's obesity is a condition that falls under the increased risk category as defined by the CDC. See Record Document 119 at 8. The Government went on to acknowledge:

> [T]he defendant presents at least one risk factor identified by the CDC as heightening the risk of severe illness or death were the inmate to contract COVID-19, namely obesity. The United States agrees that this chronic condition presents "a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" as stated in § 1B1.13, cmt. n. 1(A)(ii), in that at this time, his ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished within the environment of a correctional facility by the chronic condition itself.

Id. at 9-10. However, in its supplemental briefing in late May 2021, the Government presented evidence that Wilbon commenced his COVID-19 vaccine series on April 28, 2021 and argues he thus can no longer establish an extraordinary and compelling reason for relief. See Record Document 145.

Nonetheless and without ultimately concluding that Wilbon has established an extraordinary and compelling reason, this Court believes granting release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Wilbon's offense disfavor release, as he was trafficking cocaine across the country. Wilbon's criminal history is also lengthy and shows he is a poor candidate for release. According to the Presentence Investigation Report, he has six criminal convictions stemming from drug offenses to burglaries. Wilbon has only served approximately 27 months of his 78 month sentence. A reduced

sentence simply would not reflect the seriousness of his offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Wilbon's Motion for Compassionate Release (Record Document 115) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of June, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT